UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-209-RLV
(1:90-cr-231-5)

| | |
|---|---|
| **THOMAS FLOYD LITTLEJOHN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Respondent's motion requesting the Court enter an order holding this action in abeyance. (Doc. 5.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On September 13, 1991, a jury found Petitioner guilty of conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base; thirteen counts of possession with intent to distribute cocaine, and aiding and abetting the same; twelve counts of distributing cocaine, and aiding and abetting the same; possession with intent to distribute cocaine base, and aiding and abetting the same; and distributing cocaine base, and aiding and abetting the same. The presentence report (PSR) found that Petitioner had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: (1) a 1983 North Carolina conviction for felony discharge of a weapon in occupied property and assault with a deadly weapon inflicting serious injury; and (2) a 1988 North Carolina conviction for possession with intent to sell and deliver a schedule VI substance. On December 10, 1991, the Court imposed an enhanced sentence of 360 months in prison. (Motion to Vacate 1-2, Doc. No. 1.)

1

On June 23, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges this Court's application of the career-offender provision of the United States Sentencing Guidelines in determining his advisory guideline range, asserting that his prior North Carolina conviction for discharge of a weapon in occupied property and assault with a deadly weapon inflicting serious injury no longer qualifies as a "crime of violence" under the Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On September 1, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 5.) According to Respondent, Beckles presents three questions that bear on Petitioner's argument: (1) "Whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)"; (2) "Whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review"; and (3) "Whether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after Johnson."[1] According to Respondent's motion, counsel for Petitioner does not object to the request. (Doc. No. 5 at 2-3.)

For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion to stay should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to place this case in

---

[1] Questions Presented, Beckles v. United States, No. 15-8544 (U.S. cert. granted June 27, 2016), available at http://www.supremecourt.gov/qp/15-08544qp.pdf.

abeyance, (Doc. No. 5), is hereby **GRANTED** and this matter is held in abeyance pending the Supreme Court's decision in Beckles.  Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

**IT IS SO ORDERED.**

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge