UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-209-RLV
(1:90-cr-231-RLV-5)

| | | |
|---|---|---|
| **THOMAS FLOYD LITTLEJOHN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Government's motion requesting the Court enter an order holding this action in abeyance. (Doc. 8.) Petitioner Thomas Floyd Littlejohn is represented by the Federal Defenders of Western North Carolina.

On September 13, 1991, a jury found Littlejohn guilty of conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base; thirteen counts of possession with intent to distribute cocaine, and aiding and abetting the same; twelve counts of distributing cocaine, and aiding and abetting the same; possession with intent to distribute cocaine base, and aiding and abetting the same; and distributing cocaine base, and aiding and abetting the same. The presentence report (PSR) found that Littlejohn had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: (1) a 1983 North Carolina conviction for felony discharge of a weapon in occupied property and assault with a deadly weapon inflicting serious injury; and (2) a 1988 North Carolina conviction for possession with intent to sell and deliver a schedule VI substance. On December 10, 1991, the Court imposed an enhanced sentence of 360 months in prison. (Motion to Vacate 1-2, Doc. No. 1.)

1

On June 23, 2016, Littlejohn commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) He challenges this Court's application of the career-offender provision of the United States Sentencing Guidelines in determining his advisory guideline range, asserting that his prior North Carolina conviction for discharge of a weapon in occupied property and assault with a deadly weapon inflicting serious injury no longer qualifies as a "crime of violence" under the Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On October 7, 2016, the Court granted the Government's unopposed motion to hold this action in abeyance pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). The Supreme Court issued its opinion on March 6, 2017, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. Id. at 890, 895.

In the wake of the Beckles, Littlejohn filed a supplemental brief in support of his motion to vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory. (Doc. No. 7.) The Government now moves to hold this action in abeyance pending the Fourth Circuit's decision in United States v. Brown, Case No. 16-7056, a case in which the defendant has argued that his career-offender sentence should be vacated under Johnson because he was classified as a career offender based on the residual clause of the career-offender guideline when the Guidelines were mandatory. Brown, No. 16-7056, Doc. 42 at 1. According to the Government's motion, counsel for Littlejohn does not object to the request. (Doc. No. 8 at 2.)

For the reasons stated by the Government, and without objection from Littlejohn, the

Court concludes that the motion to stay should be granted.

**IT IS, THEREFORE, ORDERED** that the Government's motion to place this case in abeyance (Doc. No. 8) is hereby **GRANTED**, and this action is held in abeyance pending the Fourth Circuit's decision in <u>United States v. Brown</u>, Case No. 16-7056. Thereafter, the Government shall have 45 days from the date of the <u>Brown</u> decision to file an answer, motion, or other response to Littlejohn's § 2255 motion to vacate.

**IT IS SO ORDERED.**

Signed: May 8, 2017

Richard L. Voorhees
United States District Judge