UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-209-MOC
(1:90-cr-231-MOC-5)

| | |
|---|---|
| THOMAS FLOYD LITTLEJOHN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Thomas Floyd Littlejohn's motion requesting the Court enter an order holding this action in abeyance. (Doc. 10.) Littlejohn is represented by the Federal Defenders of Western North Carolina.

On September 13, 1991, a jury found Littlejohn guilty of conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base; thirteen counts of possession with intent to distribute cocaine, and aiding and abetting the same; twelve counts of distributing cocaine, and aiding and abetting the same; possession with intent to distribute cocaine base, and aiding and abetting the same; and distributing cocaine base, and aiding and abetting the same. The presentence report ("PSR") found that Littlejohn had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2: (1) a 1983 North Carolina conviction for felony discharge of a weapon in occupied property and assault with a deadly weapon inflicting serious injury; and (2) a 1988 North Carolina conviction for possession with intent to sell and deliver a schedule VI substance. On December 10, 1991, the Court imposed an enhanced sentence of 360 months in prison.

1

(Motion to Vacate 1-2, Doc. No. 1.)

On June 23, 2016, Littlejohn commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) He challenges this Court's application of U.S.S.G. § 4B1.2 in determining his advisory guideline range, asserting that his prior North Carolina conviction for discharge of a weapon in occupied property and assault with a deadly weapon inflicting serious injury no longer qualifies as a "crime of violence" under the Sentencing Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On October 7, 2016, the Court granted the Government's unopposed motion to hold this action in abeyance pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). The Supreme Court issued its opinion on March 6, 2017, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. Id. at 890, 895.

In the wake of the Beckles, Littlejohn filed a supplemental brief in support of his motion to vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory. (Doc. No. 7.) This Court subsequently placed Littlejohn's § 2255 Motion in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. (Doc. No. 9.) In Brown, the defendant argued that his career offender sentence should be vacated under Johnson because he was classified as a career offender when the guidelines were mandatory. On August 21, 2017, the Fourth Circuit held that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)." United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017).

According to the instant Motion, the Fourth Circuit denied Brown's petition for rehearing and rehearing en banc on February 26, 2018.

Littlejohn's post-conviction counsel states that Brown's counsel will be filing a petition for writ of certiorari to the United States Supreme Court. (Doc. No. 10 at ¶ 6.) Littlejohn now moves to hold this action in abeyance pending the Supreme Court's resolution of <u>Brown</u>. The Government does not oppose Littlejohn's Motion. (Doc. No. 10 at ¶ 8.)

For the reasons stated in the Motion, and without objection from the Government, the Court concludes that the motion to hold this action in abeyance should be granted.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to place this action in abeyance (Doc. No. 10) is **GRANTED**, and this action is held in abeyance pending the Supreme Court's resolution of <u>United States v. Thilo Brown</u>. Thereafter, the Government shall have 45 days to file an answer, motion, or other response to Littlejohn's § 2255 Motion to Vacate.

**IT IS FURTHER ORDERED** that in the event Brown does not file a petition for writ of certiorari, counsel for Littlejohn shall file written notice of that fact no more than seven (7) days after Brown's deadline for filing a certiorari petition expires.

Signed: April 9, 2018

Max O. Cogburn Jr.
United States District Judge